## WILLIS v. JONES.

An action will not lie by a Clerk of the District Court, against his predecessor in office, to recover the value of services rendered by the former, in making entries and writing up the records, which were rendered necessary by the omission of the latter, and for which the latter has received the fees, as if it had been done.

Appeal from Gonzales. The appellant sued the appellee for the value of his services, at the rate of lawful fees, for labor performed by the former in making entries and writing up the records of the District Court, which was omitted to be done by the latter; the former being the successor of the latter as Clerk of the District Court. The items were specified, and an account filed amounting to $856,63. The plaintiff alleged that it became necessary for him to do said labor, which ought to have been done by the defendant, before he could proceed to make the entries and records of the acts of the Court during his own time, so as to preserve consecutive records which would show properly what had been done in the Court. He alleged that for much of the work so omitted to be done, his predecessor had already received the fees, as if it had been done by him; and that much had been lost by his negligence. There was a general demurrer and a general denial. By consent, without prejudice to the demurrer, an auditor was appointed. At the next Term, the auditor reported in favor of the plaintiff $845, 48. At same Term the defendant's demurrer was sustained; and the plaintiff appealed.

A. Neill and J. Ireland, for appellant. The able reasoning of the United States Supreme Court, in the case of the United States v. Fillebrawn, (8. Peters. R. 28,) shows the equity arising on behalf of one performing duties in his official character, not strictly in the discharge thereof, but those connected therewith, and allowed the defendant compensation for

services in bringing up records of his predecessor. So, also, an Act of Congress was passed, March 3rd, 1831, to pay the Clerk of the Supreme Court for bringing up the minutes of the Court, and for services which should have been done by his predecessor.

Now, in the case at bar, the appellee is charged with a failure to perform the duty, and that he received fees therefore, and it is also alleged, that before the appellant could proceed to perform his duty as Clerk, the services had to be performed, and he fulfilled the same. Surely, he will be entitled to the compensation received already for the same by his predecessor who never performed the same. The appellant is, by another principle, entitled: The care and trouble extended to another, or the duties arising by one even in the finding of an article lost, entitle him to a compensation for his time and labor expended. (4 Dana, 193.) So with appellant; he is certainly entitled to pay for his time and trouble; and what that amounts to, the law defines, and we charge accordingly.

Suppose, the Clerk of the County Court, who is recorder of the county, were to receive deeds, take the acknowledgment thereof, and file the same, but, before recording the same, retire from office; he, as is usual, receives the fee for the acknowledgment, recording, &c., all at one time, and generally in advance, or when filed, the deed is then marked "filed," the succeeding Clerk now comes into office, and he finds many deeds unrecorded, all marked "filed," acknowledged, paid for, and ready for record, but, instead of recording the same, he leaves them where they are, and the deeds which are filed subsequently, and paid to him, he records? Would this Clerk be considered as having done his duty? The law would not be complied with, as all deeds are to be recorded in the order in which they are filed. Certainly he would be held to record those on file in the office when he entered it, and that whether the fees were paid or unpaid; and he, of course, could not again charge the party applying for, and entitled to, the deed, when it is called for; because it is shown that it was once paid to the former Clerk when filed.

So it is in the present case. Mr. Willis, when he took the office, could not overlook the fact that the duties of the office were very much behind, and he could not commence in the middle of a cause, and only make the entries which were done from the day he was installed, but he would be held to record, or enter, all that should have been done before, which had lain over, and accumulated, and enter the business in the books, in the order in which it took precedence, whether it had been paid for or not. But here it is admitted the fees are paid. Then to whom can appellant apply for payment for his labor, and what will his remuneration be? We say, just the sum which the law allows; and of him who has the money in his hands, and has failed to perform, and that, too, while he knew it was his duty to do it. (Peter v. Stule, 3 Yeates, 250; James v. Bixby, 11 Mass, 34; Chit. Cont. 541; 1 Bac. Abr. top page 406.)

LIPSCOMB, J. This suit was brought by the plaintiff, the present Clerk of the District Court of Gonzales county, against his predecessor, Jones, to recover compensation from him for extra services, in bringing up the records of the Court, which had been omitted by his predecessor. The services seem to have been voluntarily rendered, without any contract. We known of no law, requiring the present Clerk to supply the faults committed by his predecessor; and if such delinquences actually occurred, the delinquent Clerk is responsible on his bond, and not to his successor in office. The former Clerk may have failed to perform his duties in a proper manner. It is hoped his successor will do better; and that there is room for his improvement, is obvious, from the specimen furnished of his hand writing in the transcript sent up in this case. Transcripts should be written in a plain legible hand. It is difficult to read the one sent up. There is no error in sustaining the demurrer; and the judgment is affirmed,

Judgment affirmed,